UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-153-BR
No. 5:21-CV-334-BR

| | | |
|---|---|---|
| CHARLIE O'BRYANT TERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 125.) Petitioner filed a response in opposition. (DE # 130.)

In 2017 and pursuant to a plea agreement, petitioner pled guilty to obstruction of justice in violation of 18 U.S.C. § 1503 and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The court sentenced him to 120 months imprisonment on each count, to be served consecutively, for a total term of 240 months. He appealed, and the Fourth Circuit Court of Appeals vacated his sentence. On remand, the court imposed the same terms of imprisonment, and on appeal from that sentence, in 2020, the Fourth Circuit Court of Appeals affirmed.

In 2021, petitioner timely filed his § 2255 motion. He alleges appellate counsel was ineffective because she did not raise an issue based on the decision in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), and misrepresented to him that she had done so. (Mem., DE # 121-1, at 3.) The government seeks dismissal of the motion pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mem., DE # 126, at 4.)

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

> "Th[e] right to effective assistance of counsel extends to require such assistance on direct appeal . . . ." "In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, [a petitioner] must normally demonstrate" both deficient performance, meaning "that his 'counsel's representation fell below an objective standard of reasonableness' in light of the prevailing professional norms," and prejudice, meaning "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"

United States v. Allmendinger, 894 F.3d 121, 126 (4th Cir. 2018) (citations omitted). "To show prejudice in the context of appellate representation, a petitioner must establish a 'reasonable probability . . . he would have prevailed on his appeal' but for his counsel's unreasonable failure to raise an issue." United States v. Rangel, 781 F.3d 736, 745 (4th Cir. 2015) (citations omitted).

As noted previously, petitioner's § 2255 motion is based on the decision in Rehaif. There, "the Supreme Court held that to obtain a conviction under 18 U.S.C. § 922(g), the government must prove both (1) that the defendant knowingly possessed a firearm, and (2) that he knew his status as a felon." United States v. Hobbs, 24 F.4th 965, 972 (4th Cir. 2022) (citing Greer v. United States, 141 S. Ct. 2090, 2095 (2021); Rehaif, 139 S. Ct. at 2200)). The

2

government does not dispute that petitioner's appellate counsel did not raise this issue or that she informed petitioner that she *had* raised the issue. Rather, the government argues that petitioner cannot show appellate counsel's failure to raise the issue was either deficient performance or prejudicial to him. (See Mem., DE # 126, at 6-9.)

Assuming that petitioner has sufficiently alleged facts to show appellate counsel acted deficiently, the court considers whether he can show that he was prejudiced by her conduct. Because petitioner did not raise any Rehaif issue in this court, had counsel raised it on appeal, the appellate court would have applied the plain error standard of review. See Hobbs, 24 F.4th at 972 ("Because [the defendant] did not raise this issue [based on Rehaif] in the district court, we review his claim for plain error." (citation omitted)); Rangel, 781 F.3d at 745 ("Because [the petitioner] did not raise the issue at trial, the standard of review on appeal would have been plain error."). As the Fourth Circuit Court of Appeals has recognized:

> To prevail, then, he would have had to show that 1) an error occurred, 2) the error was plain, and 3) the error affected his substantial rights. Affecting substantial rights, "in most cases," means that "the error must have been prejudicial: It must have affected the outcome of the district court proceeding." This outcome-based standard is similar to *Strickland's* prejudice inquiry. Finally, even with those three requirements met, we need not correct a plain error that "did not seriously affect the fairness, integrity, or public reputation of judicial proceedings."

Rangel, 781 F.3d at 745-46 (citations omitted).

Addressing this plain error standard in the context of *Rehaif* claims, the Supreme Court has explained:
> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. . . . Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon.

*Greer*, 141 S. Ct. at 2097. Thus, convictions of multiple prior felonies serve as "substantial evidence" that the defendant knew he was a felon. *Id.* at 2097-98.

3

Hobbs, 24 F.4th at 972.

In this case, petitioner cannot show any Rehaif error affected his substantial rights.[1] Prior to committing the instant offense of being a felon in possession of a firearm in April 2017, petitioner had been convicted of at least two felonies for which he served more than one year imprisonment: assault inflicting serious bodily injury (North Carolina) and being a felon in possession of a firearm (federal). (PSR, DE # 49, ¶¶ 22, 24.) This evidence shows petitioner knew his felony status in April 2017 when he possessed the subject firearm. See Hobbs, 24 F.4th at 972-73; United States v. Mack, No. 19-4250, 2022 WL 1261753, at *1 (4th Cir. Apr. 28, 2022) (per curiam) ("One of [the defendant's] prior felonies was a federal felon-in-possession offense, further demonstrating his knowledge of his felon status."). As such, the indictment's failure to allege, and petitioner's failure to admit, his felony status does not impact the validity of his guilty plea. See Hobbs, 24 F.4th at 972-73. Given this finding, there is no reasonable probability petitioner would have prevailed on direct appeal had counsel raised the error. See Rangel, 781 F.3d at 746 ("Because the record before us demonstrates that any *Collins* error would not have affected [the petitioner's] substantial rights, a direct appeal on that issue would have had limited chance of success."). In the absence of prejudice, appellate counsel cannot be deemed to have rendered constitutionally ineffective assistance. See id.

Because petitioner has failed to state a claim for ineffective assistance of appellate counsel, the government's motion to dismiss is ALLOWED, and petitioner's § 2255 motion is DISMISSED WITH PREJUDICE. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a)

---

[1] The specific error alleged is "the government's failure to meet its burden of proof substantiating that [] petitioner had knowledge of [his] status as being prohibited from possessing a firearm." (Mem., DE # 121-1, at 5.)

of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to enter judgment and close this case.

This 10 May 2022.

                                              W. Earl Britt
                                              Senior U.S. District Judge

5

Case 5:17-cr-00153-BR   Document 131   Filed 05/10/22   Page 5 of 5